HOLMES, Judge
(concurring specially).
While I agree with the opinion of my learned colleagues, I specially concur to address the appellant’s specific contention that he was entitled to a “de novo review” in the circuit court under Ala.Code (1975), § 34-1-14(j)(1).
The terms “de novo” and “review” are odd bedfellows. While “de novo” implies a new, full hearing on the merits, the term “review” imports merely a second look at an earlier hearing without the taking of additional evidence.
There can be no question that, under the terms of § 34 — 1—14(j)(l), a party aggrieved by a decision of the State Board of Accountancy who appeals that decision to the Montgomery County Circuit Court is not entitled to a de novo hearing, as that term is generally understood. The appeal is limited to a review of the record compiled in the trial or hearing before the Board, and no new evidence may be taken. If it so chooses, the circuit court may allow the parties to submit briefs.
The appellant does not appear to disagree with this interpretation of § 34-1-14(j)(l), and it would be difficult for him to do so since the words of the statute leave little, if any, “room” for construction. Rather, as I understand it, by his argument that the statute requires a “de novo review,” the appellant claims that § 34-1-14(j)(l) requires the circuit court to review all of the evidence in the record in its entirety without granting any presumption of correctness to the decision of the Board of Accountancy. The language of § 34-1-14(j)(l) itself neither requires nor prohibits such a presumption. Although appellant’s argument is certainly a viable one, given the vagueness of the statute, I would be more inclined to conclude that a presumption of correctness should be given the decision of the Board since the latter is the only trier of fact, and the circuit court’s role is limited to a review of the record.
Even if this court agreed with the appellant’s argument, however, it would not require reversal in this case because there is no basis for finding that such a presumption was made by the circuit court. The appellant has pointed to nothing in the record, nor can I find anything which shows that the circuit court indulged in any presumption in favor of the decision of the Board of Accountancy or that it failed to fully review all the evidence itself. Indeed, the appellant’s primary argument appears to be that, because the case was not decided in his favor, the circuit court must have failed to make an independent review of the record and presumed that the Board’s decision was correct.
While § 34 — 1—14(j)(l) is not a paragon of clarity, questions regarding the proper standard of review in appeals of decisions of the Board of Accountancy should no longer be a problem. Such appeals, arising on or after October 1, 1983, are no longer governed by § 34 — 1—14(j)(1), but by § 41-22-20, which is part of the Alabama Administrative Procedure Act, Ala.Code (1975), §§ 41-22-1 through -27. See § 41-22-27(e).